# EXHIBIT "A"

FILED: KINGS COUNTY CLERK 02/16/2017 04:04 PM
NYSCEF DOC. NO. 1

INDEX NO. 503235/2017
RECEIVED NYSCEF: 02/16/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X
CHARLES LIGGINS,

            Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL AMELLO (Tax # 949999; Shield # 17857)
and POLICE OFFICERS JOHN DOE 1-5,

           Defendants.
--------------------------------------------------------------------X

Index No:
Date Filed:

Plaintiff designates
KINGS COUNTY
as the place of trial

The basis of the venue is:
Place where the cause of
action arose

SUMMONS

The plaintiff resides at:
Kings County, New York

To the above named defendant(s):

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance on the Plaintiff's Attorney within twenty days after the
service of this summons, exclusive of the day of service (or within thirty (30) days after
the service is complete if this summons is not personally delivered to you within the State
of New York); and in case of your failure to appear, judgment will be taken against you
by default for the relief demanded in the complaint set forth below.

Dated: Brooklyn, New York
   February 16, 2017

        Yours, etc.

        LAW OFFICES OF WALE MOSAKU, P.C.

        BY: WALE MOSAKU
        Attorney for the Plaintiff
        25 Bond Street, 3rd Floor
        Brooklyn, New York 11201
        (718) 243-0994

THE CITY OF NEW YORK
C/O New York City Corporation Counsel
100 Church Street
New York, N.Y. 10007

FILED: KINGS COUNTY CLERK 02/16/2017 04:04 PM
NYSCEF DOC. NO. 1

INDEX NO. 503235/2017
RECEIVED NYSCEF: 02/16/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X Index No.
CHARLES LIGGINS,

                                          Plaintiff,


            -against-                            COMPLAINT


THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL AMELLO (Tax # 949999; Shield # 17857)
and POLICE OFFICERS JOHN DOE 1-5,

                                  Defendants.
------------------------------------------------------------------------X

CHARLES LIGGINS (hereinafter "plaintiff"), by his attorney(s) THE LAW OFFICES

OF WALE MOSAKU, P.C., complaining of the defendants THE CITY OF NEW

YORK, POLICE OFFICER MICHAEL AMELLO (Tax # 949999; Shield # 17857) and

POLICE OFFICERS JOHN DOE 1-5 (collectively referred to as "the defendants"), upon

information and well founded belief, alleges as follows:

### NATURE OF THE ACTION

1.         This is an action at law to redress the deprivation of rights secured to
the plaintiff under color of statute, ordinance, regulation, custom;
and/or to redress the deprivation of rights, privileges, and immunities
secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth
Amendments to the Constitution of the United States; and by Title 42
U.S.C. §§ 1982, 1983 and 1985; and arising under the laws and
statutes of the City and/or State of New York.

### THE PARTIES

2.         The plaintiff is a resident of the City of New York, who resides in
Kings County, City and State of New York. Plaintiff is an African-
American male of full age.

3.         At all relevant times, defendants POLICE OFFICER MICHAEL
AMELLO (Tax # 949999; Shield # 17857) (hereinafter "Amello")
and POLICE OFFICERS JOHN DOE 1-5 of the New York City

FILED: KINGS COUNTY CLERK 02/16/2017 04:04 PM
NYSCEF DOC. NO. 1

INDEX NO. 503235/2017

RECEIVED NYSCEF: 02/16/2017

Police Department (hereinafter collectively referred to as "defendant officers"), upon information and belief, were and still are law enforcement officers in the employ of the police department of the City of New York (hereinafter "NYPD").

4.      At all times herein, the defendant officers were employed as law enforcement officers of the City of New York, State of New York, and were acting under the color of their official capacity, and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and the NYPD.

5.      At all relevant times, the defendant City of New York was/is a municipal corporation of the State of New York, and was/is the employer of the defendant officer, through its Police Department, namely NYPD, and the actions of the defendant officer complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

6.      The plaintiff sues all defendants in their individual and official capacities.

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

7.      All conditions precedent to filing of this action have been complied with; on June 7, 2016, within ninety days after the false arrest/imprisonment and assault/battery claim(s) alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff and/or his representative, was served upon the defendant City of New York by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such:

2

FILED: KINGS COUNTY CLERK 02/16/2017 04:04 PM

NYSCEF DOC. NO. 1

INDEX NO. 503235/2017

RECEIVED NYSCEF: 02/16/2017

party may be delivered in an action in the applicable Courts.
Plaintiff's claim was assigned Claim No. 2016PI018035[1].

8.    Subsequently on 11/03/2016, within ninety days after the malicious
prosecution claim(s) alleged in this complaint arose, a written notice
of claim, sworn to by the plaintiff and/or his representative, was
served upon the defendant City of New York by personal delivery of
the notice in duplicate, to the person designated by law as one to
whom a summons issued against such party may be delivered in an
action in the applicable Courts.

9.    At least thirty days have elapsed since the service of the above-
mentioned notice(s) of claim, and adjustment or payment of the
claim(s) has been neglected or refused.

10.   This action, pursuant to New York State and City Law, has been
commenced within one year after the happening of the event upon
which the claims are based.

## FACTUAL ALLEGATIONS

11.   On or about April 26, 2016 at approximately 05:00 p.m., on a
sidewalk of Schenck Avenue between Blake Avenue and Sutter
Avenue in Brooklyn, New York (subject location), the plaintiff was
falsely arrested without probable cause by the defendant officers, and
thereafter assaulted and battered without probable cause by Amello.

12.   That following the plaintiff's arrest, Amello placed handcuffs on the
plaintiff's wrists excessively tightly, and refused to loosen said
handcuffs despite the plaintiff's pleas and entreaties. As a result, the
plaintiff suffered bruising, lacerations, and nerve damage to his wrists
and hands.

13.   The plaintiff was then transported to the 75th precinct by the
defendant officers, and while at the 75th precinct, the plaintiff was

---

[1] Subsequently, an Amended Notice of Claim was filed in connection with said claims on September 15, 2015.

3

FILED: KINGS COUNTY CLERK 02/16/2017 04:04 PM
NYSCEF DOC. NO. 1

INDEX NO. 503235/2017
RECEIVED NYSCEF: 02/16/2017

viciously attacked and assaulted without probable cause by Amello, resulting in serious injuries to the plaintiff.

14. The plaintiff was subsequently transported to Woodhull Medical & Mental Health Center ("Woodhull") by the defendant officers, where he was examined and treated.

15. At Woodhull the plaintiff was diagnosed, *inter alia*, with a non-displaced fracture of the lateral 10th rib, abrasions to his right wrist and the right side of his face.

16. Upon his discharge from Woodhull Hospital, the plaintiff was taken back to the police precinct.

17. Upon his arrival at the police precinct, the plaintiff was processed, or otherwise photographed and fingerprinted.

18. Subsequently, the plaintiff was transported to "central booking", situated within the Kings County Criminal Courthouse located at 120 Schermerhorn Street, Brooklyn New York 11201.

19. At approximately 11:00 p.m. on June 3, 2014, the plaintiff was arraigned before a criminal court judge on the following charges:

   a. Criminal Possession of Marijuana in the 3rd Degree [P.L. 221.16(1)];
   b. Criminal Possession of Marijuana in the 7th Degree [P.L. 221.03];
   c. Criminal Mischief in the 4th Degree [P.L. 145.00(1)]; and
   d. Unlawful Possession of Marijuana [P.L. 221.05].

20. The criminal complaint was signed under oath by Amello, however the allegations contained in the criminal complaint were blatant lies and a complete fabrication.

21. Upon arraignment, the plaintiff pleaded "not guilty", and was released upon his own recognizance.

22. The criminal action against the plaintiff was dismissed on 10/28/2016. The docket number of the Kings County Criminal Court was 2016KN024944.

4

FILED: KINGS COUNTY CLERK 02/16/2017 04:04 PM

NYSCEF DOC. NO. 1

INDEX NO. 503235/2017

RECEIVED NYSCEF: 02/16/2017

### CAUSE(S) OF ACTION AGAINST ALL DEFENDANTS: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

23. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 22 of this complaint as though fully set forth herein.

24. The above-described respective arrest, detention and imprisonment of the plaintiff by the defendant officers, including but not limited to Amello, were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

25. As a result of plaintiff's above-described false arrest and detention, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

26. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

27. The defendant officers were at all material times acting within the scope of his employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

28. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

### CAUSE(S) OF ACTION AGAINST THE CITY OF NEW YORK AND AMELLO: MALICIOUS PROSECUTION UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

29. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 28 of this complaint as though fully set forth herein.

5

FILED: KINGS COUNTY CLERK 02/16/2017 04:04 PM

NYSCEF DOC. NO. 1

INDEX NO. 503235/2017

RECEIVED NYSCEF: 02/16/2017

30. The commencement and continued prosecution of the criminal judicial proceeding against plaintiff, including the arrest, the imprisonment, and the charges against plaintiff were committed by or at the insistence of Amello without probable cause or legal justification, and with malice.

31. That Amello was directly involved in the initiation of criminal proceedings against the plaintiff.

32. That Amello lacked probable cause to initiate criminal proceedings against the plaintiff.

33. That Amello acted with malice in initiating criminal proceedings against the plaintiff.

34. That Amello was directly involved in the continuation of criminal proceedings against the plaintiff.

35. That the defendant officer lacked probable cause in continuing criminal proceedings against the plaintiff.

36. That Amello acted with malice in continuing criminal proceedings against the plaintiff.

37. That Amello misrepresented and falsified evidence throughout all phases of the criminal proceedings.

38. That Amello misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

39. That Amello withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

40. That Amello did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

41. The criminal judicial proceeding initiated against plaintiff were dismissed on October 28, 2016, and terminated in the plaintiff's favor.

42. The arrest, imprisonment and prosecution of the plaintiff were malicious and unlawful, because plaintiff had committed no crime

6

FILED: KINGS COUNTY CLERK 02/16/2017 04:04 PM
NYSCEF DOC. NO. 1

INDEX NO. 503235/2017
RECEIVED NYSCEF: 02/16/2017

and there was no probable cause to believe that plaintiff had committed any crimes.

43.   Amello's actions were intentional, unwarranted and in violation of the law. Amello had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

44.   As a consequence of the malicious prosecution by Amello, plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated.

45.   Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against Amello and the City of New York, individually and severally.

46.   Amello was at all material times acting within the scope of his employment, and as such, the defendant City is vicariously liable for Amello's acts as described above.

47.   This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

CAUSE OF ACTION AGAINST AMELLO: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE

48.   By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 47 of this complaint as though fully set forth herein.

49.   Amello fabricated evidence and/or created false evidence against the plaintiff.

50.   Amello forwarded fabricated and false evidence/false information concerning the plaintiff to the prosecutors in the Kings County District Attorney's office.

51.   Amello misrepresented and falsified evidence against the plaintiff throughout all phases of the criminal proceeding.

52.   Amello misrepresented and falsified evidence against the plaintiff to the prosecutors in the Kings County District Attorney's office.

7

FILED: KINGS COUNTY CLERK 02/16/2017 04:04 PM

NYSCEF DOC. NO. 1

INDEX NO. 503235/2017

RECEIVED NYSCEF: 02/16/2017

53. Amello withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

54. Amello did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

55. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, which directly resulted in against the plaintiff being deprived of his liberty, Amello violated against the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

56. As a consequence of the defendant officers' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated.

57. The plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against Amello.

CAUSE OF ACTION AGAINST AMELLO: EXCESSIVE FORCE UNDER 42 U.S.C §
1983

58. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 57 of this complaint as though fully set forth herein.

59. The level of force employed by Amello was objectively unreasonable and in violation of the plaintiff's constitutional rights.

60. As a result of the aforementioned conduct of Amello, the plaintiff was subjected to excessive force, resulting in serious, severe, and permanent physical injuries.

61. The plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against Amello.

8

FILED: KINGS COUNTY CLERK 02/16/2017 04:04 PM
NYSCEF DOC. NO. 1

INDEX NO. 503235/2017
RECEIVED NYSCEF: 02/16/2017

CAUSE OF ACTION AGAINST ALL DEFENDANTS: ASSAULT AND BATTERY

62.     Plaintiff repeats and realleges paragraphs 1 through 61 as if each paragraph is repeated verbatim herein

63.     As set forth above, Amello assaulted plaintiff, battered plaintiff, and subjected plaintiff to excessive force and summary punishment.

64.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendants, individually and severally.

65.     Amello was at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for Amello's acts as described above.

66.     This action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

WHEREFORE, plaintiff prays for judgment against the defendants, individually and severally, as follows: for compensatory damages against each defendant in an amount to be proven at trial; for exemplary and punitive damages against each defendant in an amount to be proven at trial; for costs and expenses of suit herein, including plaintiff's reasonable attorney's fees; for pre-judgment and post-judgment interest; all in a sum of money that exceeds the jurisdiction of all lower Courts, and for such other and further relief as this court deems just and appropriate.

Dated:      Brooklyn, New York
            February 16, 2017

                        LAW OFFICES OF WALE MOSAKU, P.C.

                        By:

                        Wale Mosaku
                        Attorney for the Plaintiff
                        25 Bond Street, 3rd Floor
                        Brooklyn, N.Y 11201
                        (718) 243-0994

9

FILED: KINGS COUNTY CLERK 02/16/2017 04:04 PM
NYSCEF DOC. NO. 1

INDEX NO. 503235/2017

RECEIVED NYSCEF: 02/16/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X    Index #:
CHARLES LIGGINS,

                                                       Plaintiff,

            -against-

                                                                        ATTORNEY
                                                                        CERTIFICATION
                                                                        PURSUANT TO 22 NYCRR
                                                                        Part 130-1.1(c)

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL AMELLO (Tax # 949999; Shield # 17857)
and POLICE OFFICERS JOHN DOE 1-5,

                                                       Defendants.
------------------------------------------------------------------------X

The undersigned attorney does hereby certify:

That I am the attorney for the plaintiff and duly admitted to practice law before the

Courts of the State of New York. I do hereby provide this signed certification pursuant to

22 NYCRR Part 130-1.1 (c), that the papers that I have served, filed or submitted to the

Court in this action are not frivolous.

Dated:          Brooklyn, New York
                February 16, 2017

                                        LAW OFFICES OF WALE MOSAKU, P.C.

                                        BY: Wale Mosaku, Esq.
                                        Attorney(s) for Plaintiff
                                        25 Bond Street, 3rd Floor
                                        Brooklyn, New York 11201
                                        (718) 243-0994

FILED: KINGS COUNTY CLERK 02/16/2017 04:04 PM

NYSCEF DOC. NO. 1

INDEX NO. 503235/2017

RECEIVED NYSCEF: 02/16/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                          Index No.

CHARLES LIGGINS,

                                              Plaintiff(s),

                    -against-


THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL AMELLO (Tax # 949999; Shield # 17857)
and POLICE OFFICERS JOHN DOE 1-5,

                                              Defendant(s).

---

## SUMMONS AND COMPLAINT

---

LAW OFFICES OF WALE MOSAKU, P.C.
Attorney(s) for Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

---

To:                              Service of a copy of the within
                                 is hereby admitted.

                                 Dated:................. 200_

Attorneys for Defendant(s)

---