# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x

CHARLES LIGGINS,

                      Plaintiff(s),

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL AMELLO (TAX #949999; SHIELD #17857)
AND POLICE OFFICERS JOHN DOE 1-5,

                      Defendant(s).

------------------------------------------------------------------------x

**ANSWER**

Index #: 503235/2017

Law Dept. #: 2017-009463

        Defendant THE CITY OF NEW YORK, by ZACHARY W. CARTER, Corporation Counsel, answering the complaint, allege upon information and belief:

        1.     Deny each allegation set forth in paragraph(s) 1, 5, 11-13, 20, 24-28, 30, 32, 33, 35-40, 42-47, 49-57, 59-61, 63-66, inclusive.

        2.     Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations set forth in paragraph(s) 2-4, 6, 14-19, 21, 22, 31, 34, 41, inclusive.

        3.     Deny the allegations set forth in paragraph(s) 7-10, inclusive, except that a notice of a claim was presented, that more than thirty days have elapsed without adjustment thereof.

        4.     Deny each allegation set forth in paragraph(s) 23, 29, 48, 58, 62, inclusive, except as otherwise pleaded herein.

**AFFIRMATIVE DEFENSE(S)**

        5.     Plaintiff(s)' culpable conduct caused or contributed, in whole or in part, to his/her/their injuries and or damages.

6. At all times mentioned in the complaint, plaintiff(s) knew or should have known in the exercise of due/reasonable care of the risks and dangers incident to engaging in the activity alleged. Plaintiff(s) voluntarily performed and engaged in the alleged activity and assumed the risk of the injuries and/or damages claimed. Plaintiff(s) failed to use all required, proper, appropriate and reasonable safety devices and/or equipment and failed to take all proper, appropriate and reasonable steps to assure his/her/their safety. Plaintiff(s)' primary assumption of risk solely caused his/her/their injuries and/or damage and defendant(s) owed no duty to the plaintiff(s) with respect to the risk assumed. Plaintiff(s)' express assumption of risk solely caused his/her/their injuries and/or damage and defendant(s) owed no duty to the plaintiff(s) with respect to the risk assumed. Plaintiff(s)' implied assumption of risk caused or contributed, in whole or in part to his/her/their injuries. In any action for injuries arising from the use of a vehicle in, or upon which plaintiff(s) were riding; it will be claimed that the injuries and/or damages sustained were caused by the failure of the plaintiff(s) to use available seat-belts and/or other safety devices.

7. Defendants are immune from suit for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

8. The amounts recoverable by plaintiff(s) are subject to limitation pursuant to Section 1601 of the Civil Practice Law and Rules, by reason of the culpable conduct of other person(s) who are, or with reasonable diligence could have been made party defendant(s) to this action, or pursuant to Section 15-108 of the General Obligations Law, by reason of a prior settlement between plaintiff(s) and said person(s), or pursuant to Section 4545 of the Civil Practice Law and Rules are subject to reduction by collateral sources received by plaintiff(s), or by reason of the fact that punitive damages are not recoverable against municipal defendant(s).

9. If plaintiff demonstrates that the acts complained of were undertaken in the scope of the actor(s) employment, then such acts as may have been committed by law enforcement officers in the employ of the City of New York were justified as being reasonably necessary, and were committed in good faith without malice and with probable cause, and in the exercise of professional judgment or the performance of discretionary functions for which defendant(s) are qualifiedly privileged under the laws of this State and of the United States. Individual defendant(s) represented by the Office of the Corporation Counsel (if any) did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are/is protected by qualified immunity.

**WHEREFORE**, defendant(s) demand judgment dismissing the complaint and all cross-claims against them, or, in the event that they are adjudged liable, granting judgment over, or apportioning such liability in accordance with their equitable shares of responsibility, and awarding the costs of this action, together with such other and further relief as to the court may seem just.

ZACHARY W. CARTER
Corporation Counsel
100 Church Street
New York, New York 10007

Index #: 503235/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

CHARLES LIGGINS,

                              Plaintiff(s),

- against -

THE CITY OF NEW YORK, POLICE OFFICER MICHAEL AMELLO (TAX #949999; SHIELD #17857) AND POLICE OFFICERS JOHN DOE 1-5,

                              Defendant(s).

# ANSWER AND DEMANDS

ZACHARY W. CARTER
Corporation Counsel
Attorney for Defendant THE CITY OF NEW YORK,
100 Church Street
New York, New York 10007
Telephone Numbers:

    Early Intervention Unit (settlements – all Boroughs)
     (212) 356-3144
    Pleadings Unit (212) 356-3235 (pleadings matters only)

    All Other Matters (Inquire by county of venue)
     Bronx Office: (718) 503-5030 (EBT's - 5045)
     Brooklyn Office: (718) 724-5200 (EBT's-5226)
     Manhattan Office: (212) 356-2725 (EBT's-2791)
     Queens Office: (718) 558-2100 (EBT's - 2105)
     Staten Island Office: (718) 876-3600 (EBT's-3603)

Please refer to the following Law Dept. #: **2017-009463**

and indicate the County in which the action is pending in all papers, correspondence and other communications with respect thereto.