UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

CHARLES LIGGINS,

                                  Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER MICHAEL AMELLO and POLICE OFFICERS JOHN DOE 1-5,

                                  Defendants.

-------------------------------------------------------------------------x

**ANSWER WITH AFFIRMATIVE DEFENSES BY DEFENDANTS CITY AND AMELLO**

17 CV 2733 (PKC)(ST)

**JURY TRIAL DEMANDED**

Defendants **THE CITY OF NEW YORK** and **POLICE OFFICER MICHAEL AMELLO** (collectively referred to as "Defendants") by their attorney, Zachary W. Carter, Corporation Counsel for the City of New York, for its Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

### RESPONSE TO NATURE OF THE ACTION

1.    Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action and seek the relief as set forth therein.

### RESPONSE TO PARTIES

2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "2" of the Complaint.

3.    Deny the allegations set forth in paragraph "3" of the Complaint, admit that Defendant Police Michael Amello ("Amello") was duly appointed and acting with the scope of his employment and deny knowledge or information sufficient to form a belief as to the truth of the allegations as it relates to the unidentified officers.

4. Deny the allegations set forth in paragraph "4" of the Complaint, admit that Defendant Amello was duly appointed and acting with the scope of his employment and deny knowledge or information sufficient to form a belief as to the truth of the allegations as it relates to the unidentified officers.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that the City of New York, is a municipal corporation and that it maintains a police department and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and its agencies, including the New York City Police Department ("NYPD").

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

**RESPONSE TO SATISFACTION OF PROCEDURAL PREREQUISITES**

7. Deny the allegations set forth in paragraph "7" of the Complaint except admit that a notice of claim was presented and more than thirty days have elapsed without adjustment of the same.

8. Deny the allegations set forth in paragraph "8" of the Complaint except admit that a notice of claim was presented and more than thirty days have elapsed without adjustment of the same.

9. Deny the allegations set forth in paragraph "9" of the Complaint except admit that a notice of claim was presented and more than thirty days have elapsed without adjustment of the same.

10.   Deny the allegations set forth in paragraph "10" of the Complaint except admit that a notice of claim was presented and more than thirty days have elapsed without adjustment of the same.

## RESPONSE TO FACTUAL ALLEGATIONS

11.   Deny the allegations set forth in paragraph "11" of the Complaint.

12.   Deny the allegations set forth in paragraph "12" of the Complaint with respect to the claim of handcuffs being placed tightly and deny knowledge or information sufficient to form a belief as to the truth of the allegations as it relates to any injuries purported to have been suffered by the plaintiff.

13.   Deny the allegations set forth in paragraph "13" of the Complaint as it relates to Defendant Amello and deny knowledge or information sufficient to form a belief as to the truth of the allegations as it relates to unidentified officers.

14.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint but admit the plaintiff was transported to the hospital.

15.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint but admit that Defendant Amello was the arresting officer.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

### RESPONSE TO CAUSE OF ACTION AGAINST ALL DEFENDANTS
**(False Arrest & False Imprisonment- Section 1983 & NYS Law)**

23. In response to the allegations set forth in paragraph "23" of the Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

- 5 -

## RESPONSE TO CAUSE OF ACTION AGAINST CITY & AMELLO
**(Malicious Prosecution- Section 1983 & NYS Law)**

29. In response to the allegations set forth in paragraph "29" of the Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

46. Deny the allegations set forth in paragraph "46" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

47. Deny the allegations set forth in paragraph "47" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

### RESPONSE TO CAUSE OF ACTION AGAINST AMELLO
**(Denial of Right to Fair Trial)**

48. In response to the allegations set forth in paragraph "48" of the Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

### RESPONSE TO CAUSE OF ACTION AGAINST AMELLO
**(Excessive Force- Section 1983)**

58. In response to the allegations set forth in paragraph 58" of the Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

### RESPONSE TO CAUSE OF ACTION AGAINST ALL DEFENDANTS
**(Assault and Battery)**

62. In response to the allegations set forth in paragraph "62" of the Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

65. Deny the allegations set forth in paragraph "65" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

66. Deny the allegations set forth in paragraph "66" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

### FIRST AFFIRMATIVE DEFENSE:

67. The Complaint fails to states a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

68. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the Defendants.

### THIRD AFFIRMATIVE DEFENSE:

69. Some if not all of the plaintiff's claims alleged in the Complaint are time barred.

### FOURTH AFFIRMATIVE DEFENSE:

70. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States, the States of New York or any political subdivision thereof.

### FIFTH AFFIRMATIVE DEFENSE:

71. There was probable cause for plaintiff's detention.

### SIXTH AFFIRMATIVE DEFENSE:

72. To the extent plaintiff purports to bring claims pursuant to state law, plaintiff may have failed to comply with conditions precedent to suit, including New York General Municipal Law §§ 50(e), *et seq*.

### SEVENTH AFFIRMATIVE DEFENSE:

73. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, Defendants are entitled to governmental immunity.

**EIGHTH AFFIRMATIVE DEFENSE**

74. The defendants have not violated any clearly established constitutional or statutory rights of which reasonable persons would have known and therefore are protected by qualified immunity.

**WHEREFORE,** Defendants **THE CITY OF NEW YORK** and **POLICE OFFICER MICHAEL AMELLO** respectfully request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other further relief as the Court may deem just and proper.

Dated: New York, New York
       May 10, 2017

                                    Respectfully Submitted,

                                    ZACHARY W. CARTER
                                  Corporation Counsel of the City of New York
                                  *Attorney for Defendants*
                                  100 Church Street
                                  New York, New York 10007
                                  (718) 620-1023

                        By:       /s/
                                  Julie A. Ortiz (JR-1817)
                                  Assistant Corporation Counsel

To:   **VIA ECF & Regular Mail**

     Law Offices of Wale Mosaku, P.C.
     *Attorneys for Plaintiff*
     25 Bond Street, 3rd Floor
     Brooklyn, New York 11201
     (718) 243-0994

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2017, a copy of **Defendants' Answer with Affirmative Defenses to the Complaint** was electronically filed via ECF and the same was served upon all parties, *via ECF and Regular Mail*:

Law Offices of Wale Mosaku, P.C.
*Attorneys for Plaintiff*
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

Dated:	New York, New York
	May 10, 2017

_____/s/_____
JULIE A. ORTIZ (JR-1817)

17 Civ. 2733 (PKC)(ST)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHARLES LIGGINS,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER MICHAEL AMELLO AND POLICE OFFICERS JOHN DOE 1-5,

                              Defendants.

**ANSWER BY DEFENDANTS CITY & P.O. AMELLO**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*
*LM: 2017-009463*

*Of Counsel:  Julie A. Ortiz (JR-1817)*
*Tel:  (718) 620-1023*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..........................................., 2017*

*......................................................................Esq.*

*Attorney for.............................................................*